UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEROME T. DUNBAR,
    *Plaintiff*,

v.

JOHN LIONS *et al.*,
    *Defendants*.

No. 3:16-cv-01758 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Jerome Dunbar has filed this *pro se* lawsuit against defendants John Lions, Stephen Barris, and Craig Appleby. Based on my review of the complaint, it is clear that plaintiff has not alleged facts that give rise to plausible grounds for relief. Accordingly, the Court will *sua sponte* dismiss this action without prejudice.

### BACKGROUND

The *pro se* complaint alleges that defendant John Lions is an Assistant State's Attorney, and it appears that defendants Barris and Appleby are police officers. For "Claim I" of the complaint, plaintiff alleges solely the following sentence fragment: "The officers knew that there was no factual basis to believe that." Doc. #1 at 3. There are no other factual allegations for Claim I.

For "Claim II," the complaint alleges as follows:

> Malicious Prosecution the vehicle was not owned or operated by the plaintiff. "Lions" knew that the vehicle was registered to someone other than the plaintiff and that the plaintiff was not a passenger nor operating the vehicle when stopped.

Doc. #1 at 4. There are no other factual allegations for Claim II.

For "Claim III," the complaint alleges as follows:

1

> Illegal imprisonment the plaintiff was hand cuffed and brought to the station on the 5/5/2010 arrest and upon learning that a warrant was issued for the Insurance violation turned himself in see both U.A.R.'s attached hereto.

Doc. #1 at 4. Attached to the complaint are two Uniform Arrest Reports. One report reflects defendant's arrest by defendant Appleby on April 25, 2011, on a charge of operating a motor vehicle without insurance, in violation of Conn. Gen. Stat. § 14-213b. Doc. #1 at 7. The second report reflects defendant's arrest by defendant Barris on May 5, 2010, for interference and resisting arrest, in violation of Conn. Gen. Stat. § 53a-167a. Doc. #1 at 8.[1] Neither of the attached arrest reports describes any factual circumstances leading to plaintiff's arrests.

## DISCUSSION

It is well established that "pro se complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of America.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although the Court must accept as true all factual matters alleged in a complaint, a complaint may not survive unless its factual recitations state a claim to relief that is at least plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same).

This Court has authority to review and dismiss *sua sponte* a legally frivolous complaint or if the complaint fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (*per curiam*). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is

---

[1] The arrest report reflects a spelling of the arresting officer's name as "Baris," rather than "Barris" as plaintiff alleges the name of the defendant in the complaint.

2

based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

Plaintiff's complaint does not state a plausible claim for relief and appears to be frivolous. First, to the extent that plaintiff states a claim for false or illegal arrest, this claim is plainly barred by the three-year statute of limitations that governs constitutional claims filed under Section 1983. *See Lounsbury v. Jeffries*, 25 F.3d 131, 133–34 (2d Cir. 1994). A claim for false arrest in violation of the Fourth Amendment accrues as of the date of the alleged false arrest. *See Wallace v. Kato*, 549 U.S. 384, 389–90 (2007); *Johnson v. Teague*, 2014 WL 2515214, at *2 (D. Conn. 2014). Plaintiff was allegedly arrested in May 2010 and April 2011, but the complaint in this action was not filed until more than five years later on October 24, 2016. Plaintiff's false arrest claim is clearly time-barred by the three-year statute of limitations.

The complaint also alleges a claim for malicious prosecution. In contrast to a claim for false arrest, a claim for malicious prosecution in violation of the Fourth Amendment requires a showing that criminal proceedings have terminated in favor of the plaintiff; likewise, for statute-of-limitations purposes, a claim for malicious prosecution does not accrue until such time as the prosecution has terminated in the plaintiff's favor. *See Wallace*, 549 U.S. at 392; *Spak v. Phillips*, 138 F. Supp.3d 159, 162 (D. Conn. 2015).

Here, the complaint does not allege that the prosecutions stemming from plaintiff's arrests were terminated in his favor, much less the date that they terminated in his favor. Therefore, plaintiff's malicious prosecution claim fails for lack of any allegation that the prosecutions terminated in his favor and that they terminated in his favor within three years of plaintiff's filing of this complaint in October 2016. Plaintiff's malicious prosecution claim is not supported by adequate facts and appears to be time-barred by the statute of limitations.

Even if I were to conclude that the complaint alleges a claim for relief that is not barred by the statute of limitations, I would otherwise conclude that the complaint should be dismissed for a general lack of adequate facts to give fair notice of the nature of plaintiff's claims. Basic fairness requires that a complaint allege specific facts to support each element of every claim and that apprise each defendant what plaintiff claims each defendant did wrong. *See, e.g.*, *Ferrari v. U.S. Equities Corp.* 2014 WL 5144736, at *3 (D. Conn. 2014).

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court shall close this case. If plaintiff has grounds to believe that he has a claim against the defendants that is not time-barred by the statute of limitations, then plaintiff may file a motion to reopen this case within 30 days by November 28, 2016, explaining why his claims are not barred by the statute of limitations, and he should attach to his motion an amended complaint that sets forth specific facts to support each of the elements of his claims against each person whom he names as a defendant.

It is so ordered.

Dated at New Haven this 27th day of October, 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge